**City of Philadelphia, to use, v. Kelly et al.**

.. *Michael H. Egnal,* for plaintiff.

*John Morgan Davis* and *Lawrence D. Biele,* for defendant.

*Frank F. Truscott,* city solicitor, and *Michael D. Hayes,* assistant city solicitor, for additional defendant.

ALESSANDRONI, J., November 27, 1951.—The Eastern Asphalt Company, use plaintiff, instituted this action to quiet title against Elizabeth Kelly. The action seeks to determine the validity of certain municipal claims which use plaintiff had filed against the properties purchased at sheriff's sale by defendant. Thereupon, under the provisions of Pa. R. C. P. 2252(a), defendant joined the City of Philadelphia as an additional defendant, asserting in the alternative that the City of Philadelphia was liable alone to plaintiff, liable over to defendant, and/or jointly and severally liable with defendant. The City of Philadelphia objected preliminarily on the basis of misjoinder of causes of action.

The facts upon which the initial action was instituted are as follows: On October 25 and 27, 1947, the city filed tax claims against the two properties, 3935 and 3937 Nice Street. These claims were reduced to judgment on April 28, 1949. Writs of levari facias were issued August 12, 1949; the sheriff sale took place in September 1949. The bids at the sheriff sale failed to meet the upset price and the sale was thereupon postponed: 50 PS §2049. In October 1949 the city, under the provisions of the Municipal Lien Act of May 16, 1923, P. L. 207, 53 PS §2021 et seq., peti-

tioned the court for a decree ordering the sale of the property free and clear of all encumbrances: 50 PS §2051. Toward this end the city procured a guaranteed title search indicating the state of the title as required by the statute: Ibid. The rule for such sale was made absolute December 12, 1949; the property was sold, and defendant received deeds from the sheriff on March 3, 1950.

The title search obtained by the city guaranteed the title only as of December 31, 1948. Eastern's municipal claims for paving the cartway in front of the premises 3935 and 3937 Nice Street were filed on July 22, 1949. Therefore, the title search which the statute required failed to disclose the existence of Eastern's liens. Eastern was not served with the petition and rule to sell free and clear and the rule was made absolute without its knowledge. Service on all parties interested, as indicated by the title search, is a vital prerequisite to a sale free and clear of all encumbrances.

The city bases its objection to be joined as additional defendant on the grounds that defendant's cause of action is not the same as plaintiff's; and, secondly, even if it were, plaintiff could not recover directly against the city on its claims because the statute states: ". . . and he (the contractor paid by assessment bills) shall under no circumstances have recourse to the municipality authorizing the work": 53 PS §2024.

The city cites Land Title Bank & Trust Company v. Cheltenham National Bank et al., 362 Pa. 30, as authority for the proposition that the cause of action on which defendant joins an additional defendant must be the same one plaintiff sues on. The language is very broad, but the facts of the case indicate its literal meaning was not intended. If it were, then it would be impossible to join an additional defendant unless plaintiff could have sued the additional defendant himself or made him a codefendant. In that case the

original cause of action involved the paying out of money by defendant bank on a forged indorsement; the additional defendant's liability was asserted to rest on the surety bonds of notaries public. Defendant bank when it paid the checks on the forged indorsements did not rely on the faithful performance of the notaries' duties. Thus, there were two unrelated causes of action.

That is not true of the instant case. The causes of action are related. They arose out of the same transaction, namely, the sale of the property free and clear under decree of court. Eastern was not notified of the petition and rule to show cause why the property should not be exposed to such sale; and the city represented the state of the title to be as indicated in the title search when it was not. Both causes of action therefore rest on the failure of the City of Philadelphia to comply with the provisions of the statute.

The pertinent provisions of the statute applicable to the present situation are:

". . . that he has exposed the property to sheriff's sale thereunder, and was unable to obtain a bid sufficient to pay the upset price in full; and, if a municipal claimant other than a municipality, that he will bid sufficient to pay the upset price, and upon the production of searches or a title insurance policy showing the state of the record . . . the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold, freed, and cleared . . .": 53 PS §2051.

It is apparent that if the facts alleged are true the city has failed to comply with the statute. Its failure to so comply is the proximate cause of both plaintiff's and defendant's cause of action. Therefore, it is not a misjoinder to join the City of Philadelphia as an additional defendant on the basis of difference in cause of action.

The fact that the City of Philadelphia was the moving party in the sale of the properties gives it no greater right than any other claimant. Constitutionally such a sale could not be upheld because Eastern's property right was in effect confiscated without due process. Defendant bought the properties on the basis of a false representation. Thus, even if it was innocently misrepresented, the buyer should not be made to suffer thereby.

The claimant who is able to sell property on execution free and clear of all encumbrances is in an infinitely better position than one who must sell subject to encumbrances. The benefit to be derived from such a position is a very real one. The difference in economic value between property free and clear and property subject to encumbrances in the market place need only be mentioned. The very purpose of requiring a title search or insurance was the prevention of situations of the type here present. The title search serves two objectives: (1) It brings all interested parties on the record; (2) it indicates priority of payment. The rights of a municipality to sell such property on execution are no better than any other municipal claimant; the fact that it is a municipality confers no right to take property without due process.

While the statute says that under no circumstances shall the contractor have recourse to the municipality authorizing the work (53 PS §2024), it does not bar this action. What that language says is that after the contractor has been paid with assessment bills, he must obtain payment from the property. That should not prevent a recovery where the effect of the city's action is to prevent recourse to the property and thereby preclude payment altogether.

The complaint that the action to quiet title is not the appropriate one because plaintiff is not in possession is not valid. The language of the rules is sufficient to

cover this action: Pa. R. C. P. 1061(*b*). The action may be brought "(2) . . . to determine any right, lien, title or interest in the land. . . ." This language is sufficiently broad to cover plaintiff's action. Also, Pa. R. C. P. 1066(*b*) (4) is a grant of authority to the court to enter any order necessary for the granting of proper relief.

A decision as to the validity of the claims set forth is not necessary at this stage of the proceedings. If we were to sustain the preliminary objections of the City of Philadelphia to being joined as an additional defendant, it would only lead to multiplicity of suits. The purpose of rule 2251 et seq. is the prevention of such multiplicity. See commentary to rule 2251: Goodrich-Amram Standard Pa. Practice.

### Order

And now, to wit, November 27, 1951, additional defendant's preliminary objections are dismissed and additional defendant is directed to file an answer within 20 days.